UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL, | No. 2:22-cv-0718-KJM-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| KATHLEEN ALLISON, et al., | |
| Defendants. | |

Plaintiff Cymeyon Hill ("Plaintiff"), a civil detainee proceeding *pro se*, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On June 10, 2022, the court adopting in full findings and recommendations filed May 12, 2022, ECF No. 9, denied plaintiff's application to proceed in forma pauperis, and directed plaintiff to pay the filing fee of $402.00 for this action within fourteen days. ECF No. 11. The findings and recommendations relied in substantial part on plaintiff's inmate trust account statement, filed in three other lawsuits in this court, showing that as of March 24, 2022 the account had a balance of $3818.37. ECF No. 9, at 1. On July 13, 2022, the court denied plaintiff's motion for reconsideration of that order and granted plaintiff one final opportunity to pay the filing fee within fourteen days. ECF No. 14. On July 21, 2022, plaintiff filed a second motion for reconsideration. ECF No. 15.

1

In relevant part, Federal Rule of Civil Procedure 60(b) provides for relief from a court order on the grounds of "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). As noted, on June 10, 2022, this court adopted the magistrate judge's recommendation to deny plaintiff's request to proceed in forma pauperis. The magistrate judge's recommendation was based on the fact that plaintiff's inmate trust account statement, filed in three other lawsuits, showed that as of March 24, 2022, plaintiff had a balance of $3818.37 in his inmate trust account. In one of the three cases cited by the magistrate judge, the court granted in forma pauperis status. *See Hill v. Lynch*, Case No. 2:22-cv-0342 JDP (E.D.Cal.) (granting IFP without analysis). In the other two cases, a magistrate judge has recommended denial of in forma pauperis status, identifying plaintiff as a prisoner rather than a civil detainee. *See Hill v. Hlaing*, Case No. 2:22-cv-0357 KJM DMC P; *Hill v. Aggarwal*, Case No. 2:22-cv-0571 WBS DMC P.

Plaintiff is in fact a civil detainee. Consequently, the provisions of 28 U.S.C. §§ 1915(a)(2) and (b) do not apply to his application to proceed in forma pauperis. *See Page v. Torrey*, 201 F.3d 1136 (9th Cir. 2000). Instead, the court looks to whether plaintiff has submitted an affidavit that shows he "is unable to pay [the filing fee] or give security therefore." 28 U.S.C. § 1915(a)(1). Plaintiff filed the required affidavit on April 7, 2022. ECF No. 5. In the affidavit, in relevant part, plaintiff declares under penalty of perjury that he has no cash, no assets, and is not employed. *Id*. at 1,3.

The trust account statement filed in one of the cases cited by the magistrate judge in *Hill v. Lynch*, *supra*, at docket number 9, in that case, shows on October 1, 2021 a balance of $5,154.17, and reflects three separate entries for income from "JPAY" in the amount of $100.00, $40.00, and $100.00, respectively; it also shows an "inmate special deposit" on April 20, 2022 in the amount of $1200.00, and two entries on the same date for "misc. income (exempt) in the amount of $600.00 and $51.47, respectively. The court takes judicial notice of the trust account statement. Fed. R. Evid. 201.

Good cause appearing, plaintiff will be directed to supplement his April 7, 2022 affidavit with a sworn statement that explains (1) the source of the funds for the initial balance in his

2

inmate trust account on October 1, 2021; (2) what "JPAY" is, whether he receives regular income from this source and, if so, the amount of that income; and (3) the source(s) of the three deposits to his inmate trust account on April 20, 2022 and whether he receives income regularly from these sources.

In accordance with the above, IT IS ORDERED that:

1. Within twenty-one days from the date of this order, plaintiff shall file the sworn statement required by this order; and

2. Plaintiff is cautioned that failure to comply with this order may result in the dismissal of this action as a sanction. *See* Fed. R. Civ. P. 41.

DATED: September 12, 2022.

                                                               _____
                                                               CHIEF UNITED STATES DISTRICT JUDGE