1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CYMEYON HILL,                                No.  2:22-cv-0718-KJM-EFB (PC)

12                   Plaintiff,

13          v.                                     ORDER

14    KATHLEEN ALLISON, et al.,

15                   Defendants.

16

17          Plaintiff Cymeyon Hill ("Plaintiff"), a civil detainee proceeding *pro se*, has filed this civil

18    rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States

19    Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.   On June 10,

20    2022, the court adopting in full findings and recommendations filed May 12, 2022, ECF No. 9,

21    denied plaintiff's application to proceed in forma pauperis, and directed plaintiff to pay the filing

22    fee of $402.00 for this action within fourteen days.  ECF No. 11.  On July 13, 2022, the court

23    denied plaintiff's motion for reconsideration of that order and granted plaintiff one final

24    opportunity to pay the filing fee within fourteen days.  ECF No. 14.  On July 21, 2022, plaintiff

25    filed a second motion for reconsideration.  ECF No. 15.

26          In relevant part, Federal Rule of Civil Procedure 60(b) provides for relief from a court

27    order on the grounds of "mistake, inadvertence, surprise, or excusable neglect" or "any other

28    reason that justifies relief."  Fed. R. Civ. P. 60(b)(1), (6).  As noted, on June 10, 2022, this court

                                                   1

adopted the magistrate judge's recommendation to deny plaintiff's request to proceed in forma pauperis. The magistrate judge's recommendation was based on the fact that plaintiff's inmate trust account statement, filed in three other lawsuits, showed that as of March 24, 2022, plaintiff had a balance of $3,818.37 in his inmate trust account. In one of the three cases cited by the magistrate judge, the court granted in forma pauperis status. *See Hill v. Lynch*, Case No. 2:22-cv-0342 JDP (E.D.Cal.). In one of the other two cases, a magistrate judge has recommended denial of in forma pauperis status. *See Hill v. Hlaing*, Case No. 2:22-cv-0357 DAD DMC P (ECF No. 10). In the other the magistrate judge recommended denial and the district judge adopted that recommendation. *Hill v. Aggarwal*, Case No. 2:22-cv-0571 WBS DMC P (ECF Nos. 10, 15).

Also as noted above, plaintiff is a civil detainee. Consequently, the provisions of 28 U.S.C. §§ 1915(a)(2) and (b) do not apply to his application to proceed in forma pauperis, *see Page v. Torrey*, 201 F.3d 1136 (9th Cir. 2000); in relevant part, plaintiff is not required to submit a copy of a certified inmate trust account statement. *Cf.* 28 U.S.C. § 1915(a)(2). Rather, the court looks to whether plaintiff has submitted an affidavit that shows he "is unable to pay [the filing fee] or give security therefore." 28 U.S.C. § 1915(a)(1). Here, the inmate trust account filed in plaintiff's other cases showed a possible conflict with representations made in the in forma pauperis application filed in this action. On September 13, 2022, this court ordered plaintiff to file within twenty-one days a sworn statement explaining the source of certain funds reflected in the inmate trust account statement. September 13, 2022 Order, ECF No. 16, at 2-3. Plaintiff has complied with that order. ECF No. 17. For the reasons explained below, this matter is referred back to the assigned magistrate judge for further consideration.

Section 1915(a) provides in relevant part that a court "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner [sic] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). This status allows a plaintiff to

> commence an action without paying the filing fees where she
> submits an affidavit stating that she lacks sufficient funds and
> where her suit is not frivolous or malicious. [Footnote omitted.]

> *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir.1984). An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339, 69 S.Ct. 85, 93 L.Ed. 43 (1948). The IFP statute does not itself define what constitutes insufficient assets. As this court has recognized, "[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Jefferson v. United States,* 277 F.2d 723, 725 (9th Cir.1960). Nonetheless, a plaintiff seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *United States v. McQuade,* 647 F.2d 938, 940 (9th Cir.1981) (internal quotation marks omitted).

*Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

The grant of in forma pauperis status covers more than the filing fee for a federal court action; it also covers the costs of certain transcripts and records on appeal and of service of process. *See* 28 U.S.C. § 1915(c), (d). Thus, the court's assessment of the sufficiency of plaintiff's funds must include consideration of the ability to cover those additional costs if in forma pauperis status is denied.

As noted, the in forma pauperis statute does not provide a definition of "what constitutes insufficient assets" for purposes of a grant of in forma pauperis status. As a general proposition, "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948) (internal quotations omitted). An individual need not be "absolutely destitute" to qualify for in forma pauperis status. *Id.*; *cf. Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (pre-PLRA decision holding that imposition of partial filing fee "should not take the prisoner's last dollar").

In dicta in *Escobedo,* the Ninth Circuit suggested considerations may be different for incarcerated people, who "have limited overhead," as contrasted with non-incarcerated people "who must pay for the roof over [their] head and the food on [their] table or go without shelter and sustenance." *Escobedo*, 787 F.3d at 1236. For nonincarcerated individuals, "[m]any courts look to the federal poverty guidelines set by the United States Department of Health and Human Services ("HHS") as a guidepost in evaluating in forma pauperis applications." *C.C.R. v. Commissioner of Social Security*, 2021 WL 2534461, slip op. at 1 (E.D.Cal. 2021).

3

1    For a civil detainee like plaintiff, who also has "limited overhead" by reason of his civil

2    detention, the *Escobedo* decision might suggest a different calculation.  *See id.* at 1236 (denial of

3    IFP status where filing fee equals twenty percent of monthly income "may be an appropriate

4    measure for a person who is incarcerated. . . .").  Here, the findings and recommendations

5    recommended denial of in forma pauperis status on the ground that "[p]laintiff's claim of inability

6    to pay the filing fee in his application before the court is contradicted by his inmate trust account

7    statement."  ECF No. 9 at 2.  On further review, given plaintiff's civil detainee status and the

8    other information reviewed above, the court finds the magistrate judge's analysis of plaintiff's

9    claimed indigency does not support the recommended denial of in forma pauperis status.

10   Accordingly, this matter will be referred back to the assigned magistrate judge for further review

11   and consideration of whether, on the record as a whole in this action, plaintiff's application to

12   proceed in forma pauperis application meets the  standard in 28 U.S.C. § 1915(a) as interpreted in

13   *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948), and its progeny.

14   For the foregoing reasons, the court concludes its June 10, 2022 and July 13, 2022 orders

15   were improvidently entered.  Accordingly, those orders will be vacated.  Plaintiff's in forma

16   pauperis application remains pending until further order of the court.

17   In accordance with the above, IT IS ORDERED that:

18   1.  Plaintiff's July 21, 2022 motion for reconsideration, ECF No. 15, is GRANTED;

19   2.  This court's July 13, 2022 order, ECF No. 14, and its June 10, 2022 order, ECF No. 11,

20   are VACATED; and

21   3.  This matter is referred back to the assigned magistrate judge for further proceedings

22   consistent with this order.

23   DATED:  November 3, 2022.

24

25   _____

26   CHIEF UNITED STATES DISTRICT JUDGE

27

28

4