UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL,<br><br>    Plaintiff,<br><br>    v.<br><br>KATHLEEN ALLISON, et al.,<br><br>    Defendants. | No. 2:22-cv-00718-KJM-EFB (PC)<br><br>ORDER |

Plaintiff, a civil detainee proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 12, 2023, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has not filed objections to the findings and recommendations.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court

/////

1

. . . ."). Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

In plaintiff's application to proceed in forma pauperis (IFP), plaintiff declared under penalty of perjury that he had no assets. IFP Appl., ECF No. 5. In its prior order, the court took judicial notice of the trust account statement filed in a separate case filed by plaintiff. Prior Order at 2, ECF No. 16. The trust account showed a balance of $5,154.17 on October 1, 2021, reflected three separate entries for income from "JPAY" in the amount of $100, $40, and $100, showed an "inmate special deposit" in the amount of $1,200 on April 20, 2022, and showed entries of "misc. income" on the same date in the amount of $600 and $51.47. *Id.* As the magistrate judge notes, this court ordered plaintiff to supplement his April 7, 2022 affidavit with a sworn statement explaining 1) the source of the funds for the initial balance in his inmate trust account on October 1, 2021, 2) what "JPAY" is, and whether he receives regular income from that source, and 3) the source(s) of the three deposits on his account on April 20, 2022 and whether he receives income regularly from those sources. *Id.* at 2–3.

Plaintiff explains "most of the funding . . . came from the IRS exempt payment for economic stimulus funding . . . ." Aff. at 1, ECF No. 17. However, plaintiff does not explain what "JPAY" is, whether he receives regular income, and which of the deposits are from the IRS. Rather, plaintiff argues "IRS exempt funds are not suppose[d] to be tampered with at all [and] the court is now interfering with plaintiff['s] commercial affairs." *Id.* at 2. The court previously cautioned plaintiff that failure to comply with its order may result in the dismissal of this action as a sanction. Prior Order at 3. Here, plaintiff has not complied. Additionally, "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (*United States v. McQuade*, 647 F.2d 938, 940 (9th Cir.1981)). Here, apart from stating he needs the funds for basic necessities, hygiene, and legal papers, Aff. at 4, plaintiff does not allege his poverty with particularity. He also does not provide an explanation of the inconsistency between his IFP application form where he states he has no assets and his trust account statement.

/////

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations filed January 12, 2023, are adopted in full;
2. Plaintiff's April 7, 2022 motion to proceed in forma pauperis (ECF No. 5) is denied; and
3. Plaintiff shall pay the $402 filing fee within fourteen days from the date of this order. Failure to pay the filing fee as ordered will result in the dismissal of this action.

DATED: March 22, 2023.

CHIEF UNITED STATES DISTRICT JUDGE

3